UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH AQUILA,

    Plaintiff,

v().                                          Case No:   2:13-cv-658-FtM-DNF

CAROLYN W. COLVIN
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

## OPINION AND ORDER

Plaintiff, Joseph Aquila, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I. Social Security Act Eligibility, ALJ Decision, and Standard of Review**

**A. Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382a(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do his previous work or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2),

1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911. There is a five step disability evaluation in which the plaintiff bears the burden of persuasion through step four, while at step five the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146, n.5 (1987).

### B. Procedural History

On November 13, 2009, Plaintiff filed an application for disability insurance benefits asserting a disability onset date of July 1, 2007. (Tr. 115). Plaintiff's application was initially denied on February 19, 2010, and denied upon reconsideration on April 21, 2010. (Tr. 101-02). A hearing was held before Administrative Law Judge Ronald S. Robins ("ALJ") on May 24, 2011. (Tr. 17-46). The ALJ issued an unfavorable decision on July 1, 2011. (Tr. 60). On July 9, 2013, the Appeals Council denied Plaintiff's request for review. (Tr. 1). Plaintiff filed a Complaint in the United States District Court on September 12, 2013. (Doc. 1). The parties consented to proceed before the undersigned for all proceedings on December 5, 2013. (Doc. 14). This case is now ripe for review.

### C. Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine whether a claimant has proven that he is disabled. *Packer v. Commissioner of Social Security*, 542 F.App'x 890, 2013 WL 5788574 (11th Cir. Oct. 29, 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). An ALJ must determine whether the claimant (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform his past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of

proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Commissioner of Soc. Sec.*, 511 F.App'x 913, 915 n.2 (11th Cir. 2013)**.**

In this case, the ALJ determined that Plaintiff met the Social Security Act's insured status requirements through December 31, 2010. (Tr. 65). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 1, 2007, the alleged onset date, through his last date insured of December 31, 2010. (Tr. 65). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: bipolar disorder, ADHD, generalized anxiety disorder, posttraumatic stress disorder ("PTSD"), depression, shoulder impingement, back pain, sleep apnea, obesity, and diabetes mellitus citing 20 C.F.R. §§ 404.1520(c). (Tr. 65). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526) through Plaintiff's last date of insurance. (Tr. 66).

Before proceeding to step four, the ALJ determined that Plaintiff had the following residual functional capacity ("RFC"):

> . . . the claimant had the residual functional capacity to perform the full range of light work as defined in CRF 404.1567(b). The claimant must avoid concentrated exposure to hazards such as machinery and unprotected heights. The claimant can understand, remember, and carry out simple, basic tasks and at times complicated tasks. He can maintain concentration for routine uncomplicated tasks.

(Tr. 67). Given this RFC finding, the ALJ found that Plaintiff was unable to perform his past relevant work as an auto sales manager and auto sales person. (Tr. 71).

At step five, the ALJ applied the Medical-Vocational Guidelines ("Grids") and found that Plaintiff is not disabled as directed by Medical-Vocational Guideline Rule 202.14. (Tr. 72). In addition, the ALJ relied on the testimony of a vocational expert ("VE") who stated at the

administrative hearing that a person with Plaintiff's RFC, age, education, and past relevant work experience could perform the jobs of fast food worker and cashier. (Tr. 72-73). Based on these findings, the ALJ concluded that Plaintiff was not under a disability at any time from July 1, 2007, his alleged onset date, through December 31, 2010, the date he was last insured. (Tr. 73).

### D. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Richardson v. Perales,* 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive when supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla; i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence that a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote,* 67 F.3d at 1560; *accord*, *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

**II. Analysis**

Plaintiff raises three issues on appeal. They are: (1) whether the ALJ erred by substituting his opinion for uncontroverted medical opinion evidence concerning Plaintiff's postural limitations; (2) whether the ALJ erred by failing to properly evaluate the credibility of Plaintiff's complaints of sleepiness, grogginess, and fatigue; and (3) whether the ALJ erred by relying on a response to a hypothetical question which did not include all of Plaintiff's limitations.  The Court will address each issue in turn.

   **1. Whether the ALJ erred by substituting his opinion for uncontroverted medical opinion evidence concerning Plaintiff's postural limitations.**

Plaintiff argues that the ALJ erred when he gave great weight to the opinion of state agency physical examiner Nicolas Bancks, M.D., but failed to incorporate in his own RFC assessment Dr. Banck's finding that Plaintiff can only occasionally climb, balance, stoop, kneel, crouch, and crawl. (Doc. 21 p. 6).  Plaintiff argues that this case should be reversed and remanded with directions to the ALJ to include in his RFC assessment the postural limitations found by Dr. Bancks. (Doc. 21 p. 6).

Defendant responds that substantial evidence supports the ALJ's RFC finding, and that the ALJ did not substitute his opinion for that of medical professionals. (Doc. 22 p. 4).  Defendant argues that it is the final responsibility of the ALJ to determine Plaintiff's RFC and requiring the ALJ to incorporate a doctor's opinion wholesale into an RFC finding would be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled. (Doc. 22 p. 5).  In addition, Defendant contends that the ALJ's RFC opinion already accounts for the postural limitations found by Dr. Bancks. (Doc. 22 p. 9-10).

The record indicates that Dr. Bancks performed a Physical Residual Functional Capacity Assessment of Plaintiff on April 7, 2010. (Tr. 370-377).  Dr. Bancks found that Plaintiff could

only occasionally lift and/or carry 20 pounds, frequently lift and/or carry 10 pounds, stand and/or walk for about 6 hours in an 8-hour workday, sit for a total of 6 hours in an 8-hour workday, and that he had an unlimited ability to push and/or pull. (Tr. 371). Dr. Bancks found that Plaintiff could only occasionally climb ramps/stairs/ladder/rope/scaffods, balance, stoop, kneel, crouch, and crawl. (Tr. 372). Dr. Bancks found that Plaintiff had no manipulative, visual, or communicative limitations. (Tr. 373-374). Finally, Dr. Bancks found that Plaintiff should avoid concentrated exposure to hazards (machinery, heights, etc.). (Tr. 374). The ALJ noted Dr. Bancks' opinion in his disability determination, specifying that the opinion is "given great weight, as it is consistent with and supported by the medical evidence of record as a whole." (Tr. 71). The ALJ did not address why he did not include Dr. Bancks' postural limitation findings in his RFC determination.

Here, the Court will not reverse and remand this case on the basis that the ALJ improperly substituted his own opinion in place of Dr. Bancks' opinion. "An opinion on an applicant's RFC is not a medical opinion, but rather a decision reserved to the Commissioner, to be based on medical sources, and the physician's opinion in this respect is not entitled to deference." *Shaw v. Astrue*, 392 F.App'x 684, 687 (11th Cir. 2010) (citing 20 C.F.R. § 404.1527(e)(2), 416.927(e)). Dr. Bancks' RFC opinion was not entitled to any deference, and the ALJ did not err by failing to adopt Dr. Bancks' postural limitation findings in his own RFC. In any event, at the administrative hearing, the ALJ posed a hypothetical question to the VE which described Plaintiff's RFC and specifically included a limitation that the person could only occasionally perform postural activities. (Tr. 42). In response to this hypothetical question, the VE testified that such a person, even with the postural limitations, could perform the jobs of fast food worker and cashier. (Tr. 43). The ALJ would have found that Plaintiff could perform the same jobs as he did in his opinion,

even if he had adopted the additional postural limitations contained in Dr. Bancks' opinion. Thus, even if the ALJ had erred in failing to include the postural limitation findings of Dr. Bancks, the outcome of the ALJ's opinion would have been the same. For these reasons, the Court will not remand this case for the ALJ's decision not to include postural limitations in his assessment of Plaintiff's RFC.

> **2. Whether the ALJ erred by failing to properly evaluate the credibility of Plaintiff's complaints of sleepiness, grogginess, and fatigue**

Plaintiff argues that the ALJ did not adequately consider Plaintiff's complaints of sleepiness, grogginess, and "feeling drugged" and did not give good reasons for discounting Plaintiff's subjective complaints of these conditions. (Doc. 21 p. 7-8). Plaintiff further argues that the ALJ did not address how Plaintiff's sleep apnea affected his ability to function even though the ALJ found this condition to be severe impairment at step two of the sequential evaluation process. (Doc. 21 p. 7).

Defendant argues that the ALJ specifically noted Plaintiff's subjective complaints of feeling "sleepy" and "drugged" when assessing Plaintiff's subjective complaints, and properly found that such subjective complaints were not credible and articulated adequate reasons for discrediting Plaintiff's statements. (Doc. 22 p. 16). Defendant argues that Plaintiff did not allege that his sleepiness, fatigue, and grogginess were due to sleep apnea or a mental impairment and, therefore, the ALJ was not required to consider the issue. (Doc. 22 p. 16-17).

It is within the province of the ALJ to decide questions of credibility, and that determination may be reviewed for substantial evidence. *Foot v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995). An ALJ is not required to accept a claimant's subjective allegations of symptoms and may properly consider the credibility of a claimant when making a disability determination. *Wilson v. Barnhart*, 284 F.3d 1219, 1225-26 (11th Cir. 2002). If the ALJ refuses to credit subjective symptoms, the

ALJ must articulate specific reasons for questioning the claimant's credibility. *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988).

In the present case, the Court finds that the ALJ did not err in his consideration of Plaintiff's subjective complaints of fatigue, sleepiness, etc. As Plaintiff acknowledges, the ALJ specifically noted in his opinion Plaintiff's reports of feeling "sleepy" and "drugged" when taking medication. (Tr. 68). The ALJ took this information into account when considering the credibility of Plaintiff's subjective complaints and found that such complaints were not credible to the extent that they were inconsistent with the RFC. In support of his finding, the ALJ noted that in November 2009, Dr. Nelson Hernandez indicated that Plaintiff reported that he was energetic and motivated. (Tr. 69). Additionally, the ALJ noted that Dr. Hernandez reported in March 2010 that Plaintiff's sleep was good. (Tr. 69). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). As the ALJ cited to medical evidence of record supporting his credibility finding as to Plaintiff's complaints of sleepiness and fatigue, the Court will not disturb his credibility finding on appeal.

As to Plaintiff's argument that the ALJ erred in his treatment of Plaintiff's severe impairment of sleep apnea, the Court is unpersuaded. To the extent that Plaintiff argues that the ALJ erred by failing to find RFC limitations due to his step two finding that Plaintiff has the severe impairment of sleep apnea, the Court finds that this argument is without merit. The prevailing rule is that an ALJ does not err solely because he finds that an impairment is severe at step two but does not attribute any limitation to that impairment in assessing the claimant's RFC. *Davis v.*

*Comm'r of Soc. Sec.*, 2013 WL 6182235, at *6 (M.D. Fla. Nov. 25, 2013). An impairment may meet the minimal definition of severity without materially affecting the claimant's RFC. *Id.* Thus, the Court finds that there is no inconsistency between the ALJ's finding at step two and his ultimate determination that Plaintiff's sleep apnea did not warrant additional limitations to his RFC. As noted above, the ALJ considered Plaintiff's sleepiness in formulating his RFC, but determined that this condition did not warrant an RFC limitation beyond those he found. This finding was supported by substantial evidence and, thus, the Court will not remand this case to the ALJ to consider the effects of sleepiness, grogginess and fatigue.

> **3. Whether the ALJ erred by relying on a response to a hypothetical question which did not include all of Plaintiff's limitations**

Plaintiff argues the ALJ erred by not including any limitations with respect to Plaintiff's ability to perform postural activities in the hypothetical question posed to the VE. (Doc. 21 p. 9). Plaintiff also argues that the ALJ did not include how Plaintiff's fatigue, grogginess, and sleepiness would impact Plaintiff's ability to maintain attention and concentration for an extended period of time. (Doc. 21 p. 10).

Defendant responds that the ALJ did include Plaintiff's occasional postural limitations in the hypothetical question posed to the VE and, therefore, Plaintiff's argument to the contrary should be disregarded. (Doc. 22 p. 18). The Commissioner further argues that the ALJ did not have to include Plaintiff's subjective complaints of grogginess, fatigue, and sleepiness in his hypothetical to the VE because the ALJ properly assessed Plaintiff's RFC, and found that Plaintiff's complaints were not entirely credible. (Doc. 22 p. 18). Thus, the Commissioner argues that the ALJ was "not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004).

An ALJ must pose a hypothetical question to the vocational expert which comprehensively described the claimant's impairments. *Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985). Hypothetical questions posed to a VE must be "accurate, detailed, and supported by the medical records." *Embrey v. Bowen*, 845 F.2d418, 422 (9th Cir. 1988). However, the ALJ is not required to include findings that that the ALJ properly rejects as unsupported in the VE's hypothetical. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004).

In the present case, the ALJ's hypothetical to the VE did contain all of Plaintiff's limitations. First, the ALJ did include Plaintiff's occasional postural limitations in the VE's hypothetical. (Tr. 42). Second, the ALJ was not required to include Plaintiff's subjective complaints of fatigue, grogginess, and sleepiness in the VE's hypothetical because, as noted above, the ALJ had already properly rejected the credibility of such complaints while determining Plaintiff's RFC. The ALJ is not required to include or consider any alleged limitations that he properly found unsupported in the VE's hypothetical. *Crawford*, 363 F.3d at 1161. Accordingly, the ALJ did not err by relying on VE's testimony that Plaintiff could perform the jobs of fast food worker and cashier.

### III. Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds that the decision of the ALJ is supported by substantial evidence. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on March 23, 2015.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties